**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**JEFFREY LEE EDMUNDS,**              :
                                              Civil Action No. 10-2852 (RBK)
        Petitioner,   :

        v.                 :   **OPINION**

**DONNA ZICKEFOOSE, et al.,**         :

        Respondents.  :

**APPEARANCES:**

Petitioner <u>pro se</u>
Jeffrey Lee Edmunds
03611-049
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640

**KUGLER**, District Judge

    Petitioner Jeffrey Lee Edmunds, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  The respondents in this matter are Donna Zickefoose and Harley Lappin.

    Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  Because it appears from a review of the Petition that this Court lacks jurisdiction, the Petition will be dismissed.

I.  BACKGROUND

Petitioner is presently confined pursuant to a sentence, imposed by the United States District Court, District of New Jersey, of 252 months of imprisonment and a lifetime term of supervised release for violations of 18 U.S.C. § 2251(a) Production of Child Pornography.  See United States v. Edmunds, Crim. No. 05-79 (D.N.H.) (judgment filed August 23, 2006).  This Court can locate no record of any direct appeal of the convictions or of any motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Here, Petitioner asserts that he is entitled to relief on the following grounds as stated in Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241:

> GROUND ONE: The Responding partys [sic] authority to restrain the liberty of the applicant has been terminated by the action of the Fiduciary, Ellen Fine Levine, offsetting, discharging, and settling any and all claims of debts, obligations, and liabilities associated with account No. 007690167, 05-cr-79-01-SM.
>
> GROUND TWO: The Responding partys [sic] authority to restrain the liberty of the applicant is nul [sic] and void as the Judgment in a Criminal Case is Void because it was issued in violation of due process of law.
>
> GROUND THREE: The Responding Partys [sic] authority to restrain the liberty of the applicant is nul [sic] and void as the judgment in a Criminal Case is Void because it was issued without jurisdiction of the Parties and subject matter.

(Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (filed June 4, 2010).)

On August 3, 2010, Petitioner filed a Notice of Default and Motion of Summary Judgment.  Petitioner then filed, on September 2, 2010, a document entitled "Acceptance of Oath of Office as Bond and Bond of Jeffrey Lee: Edmunds."

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773

3

F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

Petitioner's challenge to his conviction, pursuant to 28 U.S.C. § 2241, filed here in the district of confinement, is not appropriate.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations),

4

where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception. Petitioner can not demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. To the contrary, here, the Petitioner challenges the legality of his confinement, a challenge which would generally fall within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement. Section 2255 is not "inadequate or ineffective"

5

merely because Petitioner failed to timely challenge his conviction by direct appeal, § 2255 motion, or other motions for relief from judgment. Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241. See Leger v. Zickegoose, 2010 WL 1930595 (D.N.J. May 12, 2010).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

Petitioner has not timely pursued his remedies in the court of conviction. Furthermore the challenges presented here do not appear to be cognizable claims. Accordingly, it would not be in the interest of justice to transfer this Petition to the trial court, as a possible § 2255 motion.

### IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: September 28, 2010